565 A.2d 1257

Raymond AYERS, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 1989.

Decided Nov. 16, 1989.

Thomas S. McCready, Lansford, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

We are presented with a petition by Raymond Ayers (Petitioner) for review of an order of the Pennsylvania Board of Probation and Parole (Board), dated April 25, 1989, denying his request for reconsideration of an earlier order of the Board, dated August 25, 1987, directing that Petitioner be recommitted to serve 48 months backtime as a technical and convicted parole violator. Having reviewed the record in this matter, we find that the Board was without jurisdiction to entertain his request for reconsideration. Accordingly, we affirm the Board's order denying Petitioner's request for reconsideration.

In July of 1986, while on parole from his conviction for involuntary deviate sexual intercourse, Petitioner was convicted on charges of simple assault and reckless endangerment. A parole revocation hearing held in September of 1986 resulted in a finding that Petitioner was a technical and convicted parole violator. The Board ordered that Petitioner serve 3 months backtime for a technical violation of a general condition of parole requiring him to notify the parole supervision staff within 72 hours of an arrest,[1] and 33 months backtime as a convicted parole violator on charges of simple assault and reckless endangerment.[2]

1. 37 Pa.Code § 63.4(3)(ii)(A).
2. 37 Pa.Code § 75.2.

Petitioner's request for administrative relief was denied by the Board, and a petition for review was filed with this Court. While this petition for review was pending, the Board filed a motion with this Court for remand of the case on grounds that its tape recording of the September 1986 hearing was defective, thus preventing the Board from providing a complete hearing transcript. The Board asserted that its decision could not meaningfully be reviewed without a hearing transcript. We responded by issuing an order, on April 28, 1987, remanding the case to the Board for a new hearing and a new determination.

On July 15, 1987, a new hearing was held by the Board and Petitioner was found to have committed the same parole violations as were found in the previous hearing. However, Petitioner's recommitment period was set at 6 months for the technical violation and 42 months for the criminal conviction, making an aggregate recommitment period of 48 months backtime. This was an increase of 12 months from the Board's initial recommitment order.

Petitioner requested administrative relief in a letter to the Board dated October 15, 1987. This request was granted in part and denied in part in a response dated October 26, 1987.[3] No petition for review of the October 26, 1987 action was ever filed with this Court. However, approximately 18 months later, on April 6, 1989, Petitioner filed a *pro se* petition for reconsideration with the Board. This petition was denied by the Board in a response dated April 25, 1989. We were then presented with this *pro se* petition for review [4].

Petitioner sought to present three issues for our review: (1) an allegation of ineffective assistance of counsel; (2) an allegation that he had been placed in double jeopardy; and

3. While the record is somewhat unclear, it appears that the Board granted Petitioner partial relief in correcting an error committed in fixing the effective date of his recommitment. No issue is involved here concerning this particular error or the Board's action in correcting it.

4. While Petitioner's petition for review was filed *pro se*, we note that his brief filed with this Court was submitted by counsel.

(3) an allegation that his due process rights had been violated. This Court granted a motion filed by the Board to limit our review to the issue of whether the Board abused its discretion in denying Petitioner's request, made in April of 1989, for reconsideration of its order of October 26, 1987.

Under the provisions of 37 Pa.Code § 73.1, a petition for administrative review of a board determination relating to revocation decisions is to be received within 30 days of the mailing date of the determination. In this case, Petitioner's request for reconsideration, filed in April 1989, is well beyond the 30 day period within which a request for administrative review is to be made, and comes approximately 18 months after the Board's last action in this matter. Because Petitioner did not file his request for reconsideration of the Board's October 26, 1987 order until April of 1989 it was untimely, and since the timeliness of an appeal is jurisdictional, the Board was without authority to consider it. *Ziev v. Department of Public Welfare,* 120 Pa.Commonwealth Ct. 439, 548 A.2d 701 (1988).

By the terms of our earlier order, our review of this matter is limited to determining if the Board abused its discretion in denying Petitioner's request for reconsideration. We have found that his request for reconsideration was untimely made, thereby depriving the Board of jurisdiction to consider it. Having so determined, we need not address the merits of any further issues which Petitioner has attempted to present in his *pro se* petition for review to this Court or his counseled brief.

The order of the Board, denying Petitioner's petition for reconsideration, is affirmed.

### ORDER

NOW, November 16, 1989, the order of the Board, denying Petitioner's request for reconsideration, is affirmed.