**Anthony K. MERRIWETHER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 1997.

Decided April 24, 1997.

Richard A. Hughes, Clearfield, for petitioner.

Arthur R. Thomas, Assistant Counsel, Harrisburg, for respondent.

Before FRIEDMAN and LEADBETTER, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Anthony Merriwether (Merriwether) appeals a Pennsylvania Board of Probation and Parole (Board) decision denying his request for administrative relief as to an amount of backtime and a review date ordered by the Board.

The following facts are apparent from the briefs and the record. Merriwether entered guilty pleas to several offenses and was sentenced in 1987, with an original maximum

---

sentence expiration date of April 11, 1997. He was incarcerated until paroled on May 29, 1990, his minimum sentence expiration date. The Board issued a decision in October 1995 declaring Merriwether delinquent as of November 1994. In December 1995, Merriwether was arrested by police on criminal charges and the Board issued a detainer warrant.

Following a violation hearing, the Board recommitted Merriwether as a technical parole violator to serve fifteen months backtime, and set a review date of April 1997. Specifically, the Board rendered two decisions in this regard. The first decision contains a mailing date of June 11, 1996, and states in part

> As recorded on 040396 the Board ... rendered the following decision in your case:
> Detain pending disposition of criminal charges ... and *recommit to a state correctional institution when available as a TPV to serve 15 months on backtime.*
> 15 months for multiple technical parole violations. Condition No 2–change of approved residence without permission and condition no 3A-failure to report as instructed.
> Evidence relied on: Your admission to violations....
> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days....

(Record item No. 12) (emphasis added). The Board next issued a second decision, with a mailing date of June 28, 1996, stating

> Refer to Board action of 4–03–96 to recommit to a state correctional institution as a technical parole violator to serve 15 months backtime.
> While confined, you must comply with the institution's prescriptive program requirements and have no misconducts.
> *Review in April 1997.*
> If you wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days....

(Record item no. 13) (emphasis added).

On July 18, 1996, beyond thirty days after the first decision, but within thirty days of the second decision, Merriwether filed a petition with the Board, purporting to appeal the second decision. Merriwether sought less backtime and an earlier review date. The Board, relying on its discretion in imposing backtime, issued a determination denying administrative relief. Merriwether now appeals that determination to this Court.

■ Our scope of review is limited to concluding whether there has been an error of law, whether the Board's findings are supported by substantial evidence and whether constitutional rights have been violated. *Ward v. Pennsylvania Board of Probation and Parole,* 114 Pa.Cmwlth. 255, 538 A.2d 971 (1988).

■ Merriwether's primary argument here is that the Board should have recommitted him for six to nine months instead of fifteen months. Putting aside any question of mootness in light of the time frame involved here, which question the parties do not mention, we note that Merriwether interprets the Board's regulations as providing a presumptive recommitment range of six to nine months, not six to eighteen months. He asserts that the latter range applies only to multiple violations of a single parole condition and that, based on the Board's June 11, 1996 finding that two parole conditions were violated, one having a range of three to six months and the other a range of six to nine months, only the latter range should have been applied.

On the other hand, the Board disputes Merriwether's interpretation on the merits and emphasizes its authority in interpreting its own regulations. Moreover, the Board contends, none of Merriwether's arguments are properly considered because his request for administrative relief was untimely filed more than thirty days after the first Board decision of June 11, 1996.

We resolve the foregoing issue as follows. It is evident that the recommitment of fifteen months was ordered in the Board's June 11, 1996 decision and Merriwether thus had thirty days from that date to challenge that decision. 37 Pa.Code § 73.1; *Ayers v. Pennsylvania Board of Probation and Parole,* 129 Pa.Cmwlth. 440, 565 A.2d 1257 (1989), *petition for allowance of appeal de-*

*nied,* 527 Pa. 588, 588 A.2d 511 (1990). However, Merriwether did not petition the Board until July 18, 1996. Therefore, although he ostensibly appealed the Board's June 28, 1996 decision, any challenge to the Board's June 11, 1996 action, including its imposition of fifteen months backtime, would be untimely, thereby divesting the Board of jurisdiction to consider Merriwether's petition and, in turn, prompting this Court to reject the contest on procedural grounds. *Ayers.* For these reasons, without deciding the merits of the argument on the recommitment time ordered in the June 11, 1996 decision we must affirm the Board's determination denying administrative relief as to the amount of backtime imposed. *Id.*

██ Merriwether's other argument here is that he is likely to be incarcerated for more than fifteen months, because the Board set a review date of April 1997, at the end of the fifteen-month recommitment, and a lengthy administrative process will probably follow before his eventual release. Unlike Merriwether's argument on backtime, this contention is timely; the April 1997 review date was not set forth in the Board's June 11, 1996 decision, but was for the first time ordered in the Board's June 28, 1996 decision, which Merriwether challenged within thirty days. Nevertheless, the claim is obviously of no avail to Merriwether now due to the timing of this appeal. It also may be misplaced given the indication in the record of a recomputed maximum sentence date of June 14, 1998 based on Merriwether's delinquent time. In any event, we are not directed to any authority for overturning the Board's discretion in setting a review date or other support for Merriwether's bare claim that the Board should have granted his request for an earlier review date due to a potential delay. We thus have no basis to accept Merriwether's remaining argument here.

Accordingly, the Board's determination denying administrative relief is affirmed.

### *ORDER*

AND NOW, this 24th day of April, 1997, the adjudication of the Board of Probation of Parole, dated September 12, 1996, Re: Parole No. 5524–T, is hereby affirmed.