NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
_____

No. 10-4259
_____

DARNELL HUTCHINSON,
*Appellant*

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE; ATTORNEY
GENERAL OF THE STATE OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(Civil Action No. 09-2543)
_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2011
_____

Before: SLOVITER, GREENAWAY, JR., *Circuit Judges*,
and POLLAK, *District Judge**

(Opinion filed December 9, 2011)
_____

OPINION
_____

---

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*.

Darnell Hutchinson, also known as James Allen, appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Hutchinson's plea for federal habeas relief stems from a decision of the Pennsylvania Board of Probation and Parole to recommit him to prison for fifty-two months as a parole violator in 1990. The Board acted after Hutchinson was convicted of committing numerous crimes while on parole. The aggregate sentence imposed for these new convictions was twenty to forty years, and Hutchinson began serving this aggregate sentence only after first serving the fifty-two months imposed for his parole violation. He now argues that the Board improperly delayed the start of at least some portion of the twenty-to-forty-year sentence while detaining Hutchinson as a parole violator, in contravention of his rights under the Eighth and Fourteenth Amendments of the U.S. Constitution. As a practical matter, Hutchinson claims that he is entitled to be released from prison earlier than the state currently reckons.

The district court concluded that Hutchinson had failed to exhaust his state administrative remedies with respect to this claim, *see* 28 U.S.C. § 2254(b)(1)(A), and had procedurally defaulted the claim. Upon *de novo* review, *see Albrecht v. Horn*, 485 F.3d 103, 113 (3d Cir. 2007), we agree that Hutchinson has procedurally defaulted the current claim by failing to raise it in the state courts in a timely manner.

Any alleged defects in the Board's 1990 decision to recommit Hutchinson as a parole violator for fifty-two months—and the consequences of that decision for his current twenty-to-forty-year sentence—should have been raised in an appeal of the

2

Board's decision within thirty days of that decision in 1990. *See* 37 Pa. Code § 73.1; *Merriwether v. Pa. Bd. of Prob. & Parole*, 693 A.2d 1000, 1001 (Pa. Commw. Ct. 1997). Hutchinson did not file such an appeal, and the state courts rejected his attempt to resuscitate his untimely claim in 2008. *Hutchinson v. Pa. Bd. of Prob. & Parole*, No. 1185 C.D. 2008 (Pa. Commw. Ct. May 6, 2008) (per curiam).

The state courts' refusal to hear an untimely challenge to a Parole Board decision is an independent and adequate basis in state law for denying federal habeas relief. *See Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). Hutchinson has not demonstrated the sort of cause or prejudice necessary to forgive this procedural default. *See Coleman*, 501 U.S. at 750; *Werts v. Vaughn*, 228 F.3d 178, 193 (3d Cir. 2000). Although he contends that he did not receive notice of the Board's 1990 decision until 2008, he has not carried his burden of substantiating that claim. The record shows that a copy of the Board's decision was mailed to Hutchinson on January 26, 1990; Board regulations require such mailings, 37 Pa. Code 71.4(8); and Hutchinson's counsel filed an administrative appeal of the Board's decision, so counsel undoubtedly received a copy.

Accordingly, we affirm the district court's order of July 29, 2010, denying Hutchinson's petition for a writ of habeas corpus.