IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Bradley P. Christman, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 1139 C.D. 2018 |
| | : Submitted: January 18, 2019 |
| Pennsylvania Board of | : |
| Probation and Parole, | : |
| | : |
| Respondent | : |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                          FILED:  June 28, 2019


        Bradley P. Christman (Parolee) petitions for review from an order of
the Pennsylvania Board of Probation and Parole (Board) that denied his Petition
for Administrative Review challenging the Board's calculation of his maximum
sentence expiry date.  Also before us is an application for leave to withdraw as
counsel filed by Parolee's court-appointed attorney, David Crowley, Esquire
(Counsel), on the ground that Parolee's appeal is without merit.  For the reasons
that follow, we grant Counsel's application for leave to withdraw as counsel, and
we affirm the Board's order.

        On September 4, 1997, Parolee was sentenced in the Lycoming
County Court of Common Pleas to a 2- to 10-year sentence based on his guilty plea

to an aggravated assault charge, and a consecutive 90-day sentence based on his guilty plea to a driving under suspension charge. Certified Record (C.R.) at 1. With an effective date of September 4, 1997, Parolee's sentence had a minimum expiration date of December 3, 1999, and a maximum sentence expiry date of September 4, 2007. *Id.* at 1, 2.

Parolee alleges that he was paroled from the State Correctional Institution (SCI) at Coal Township on this sentence on December 27, 1999, to Community Corrections Center (CCC) Conewago. C.R. at 118. He contends that he was sent to Community Contract Facility (CCF) Capitol Pavilion on February 10, 2000, and then released on parole to a home plan on March 27, 2000. *Id.*

Parolee claims that he was detained in the Northumberland County Jail as a parole violator as of July 2, 2007, and that he was released due to his original maximum date on September 4, 2007. C.R. 118. He contends that he was sent back to SCI Coal Township on January 7, 2008, as a parole violator, and that he was reparoled from his original sentence to a home plan on June 15, 2008. *Id.* On November 18, 2008, Parolee was declared delinquent. *Id.* at 83. On December 21, 2008, Parolee was stopped for driving under the influence and for other summary offenses in McKean County, Pennsylvania. *Id.*

On February 21, 2009, Parolee was arrested by the Thomas County Sheriff's Department in Kansas. C.R. at 83. The Board issued a warrant to detain Parolee and he was extradited to Pennsylvania on March 3, 2009, and housed at SCI Coal Township. *Id.* An October 20, 2009 Department of Corrections (Department) Sentence Status Summary (Summary) states that Parolee's sentence was recomputed on October 14, 2009, based on the technical parole violation, and that his new maximum original sentence expiry date was calculated to be

2

September 26, 2016. *Id.* at 1-2.[1] A May 14, 2010 Board Decision and a Board Order releasing Parolee on constructive reparole[2] to serve the McKean County sentence also states a maximum original sentence expiry date of September 26, 2016. *Id.* at 4-6. His actual date of release on constructive reparole from his original sentence was August 10, 2010. *Id.* at 7 *See also id.* at 13, Department August 13, 2010 Summary (As of August 10, 2010, "Inmate reparoled to turnover to this detainer."). Parolee does not allege, and the Certified Record does not show, that he contested the Board's recalculation of his new maximum sentence expiry date at the time of its recalculation.

On August 25, 2011, Parolee was released from incarceration on parole from his McKean County sentence. C.R. at 18. On May 1, 2015, the Board declared Parolee delinquent. *Id.* at 22. On February 3, 2016, Parolee was arrested

---

[1] The Summary also states that Parolee was also being detained as of June 25, 2009, based on the McKean County charges. C.R. at 3. An August 13, 2010 Department Summary states that Parolee was sentenced to a 90-day to 5-year sentence on his guilty plea to the McKean County driving under the influence charge, and a 90-day sentence based on his guilty plea to a driving under suspension charge. *Id.* at 11.

[2] As this Court has explained:

> A prisoner on constructive parole is paroled from his original sentence to immediately begin serving a new sentence. Where an individual has been constructively paroled, "he is nonetheless 'at liberty' from the original sentence from the time he begins to serve the new sentence." Under [Section 6138(a)(2) of the Prisons and Parole Code (Parole Code),] 61 Pa. C.S. §6138(a)(2), a parolee's time under constructive parole is forfeited upon his recommitment as a convicted parole violator.

*Spruill v. Pennsylvania Board of Probation and Parole*, 158 A.3d 727, 730 (Pa. Cmwlth. 2017) (citations and footnote omitted).

3

by the Henderson Police in Clark County, Nevada, on a Board warrant. *Id.* at 24, 83.

On March 30, 2016, Parolee was recommitted as a technical parole violator and the Board recalculated his new original sentence maximum expiry date to be June 29, 2017. C.R. at 38-40. Parolee does not allege, and the Certified Record does not show, that he contested the new maximum sentence expiry date at the time of its recalculation. On May 3, 2016, Parolee was released on reparole. *Id.* at 41.

On May 9, 2016, the Pine Creek Township Police were notified that a pickup truck was stolen from a landfill on May 7, 2016. C.R. at 107. On May 14, 2016,[3] Parolee was arrested in Berrien County, Michigan by the Michigan State Police for fleeing and eluding and possession of the stolen vehicle and a stolen license plate. *Id.* at 58-63, 84, 99. That same day, the Board issued a warrant to detain Parolee for his parole violation. *Id.* at 46.

On June 14, 2016, Parolee was charged with burglary, theft by unlawful taking, and receiving stolen property based on the theft of the truck in Pine Creek Township. C.R. at 87-88. On July 6, 2016, Parolee was sentenced in Michigan to serve 120 days' incarceration with credit for 54 days on his Michigan charges. *Id.* at 65-66. On August 21, 2016, Parolee was returned to Pennsylvania and housed at SCI Benner. *Id.* at 84.

On August 30, 2016, Parolee waived his right to a parole revocation hearing. C.R. at 70. The Hearing Report states that the Board panel members "[r]ecommend[ed] credit not be awarded. Offender was delinquent & out of state at the time of arrest." *Id.* at 78. On December 12, 2016, the Board recommitted

---

[3] In the interim, on May 11, 2016, the Board declared Parolee delinquent. C.R. at 45.

4

Parolee as a technical and convicted parole violator to serve 12 months' backtime. *Id.* at 91-92. In the Decision and Order to Recommit, the Board recalculated Parolee's maximum sentence expiry date to be May 23, 2022. *Id.* at 89-90, 91-92. In its recalculation, the Board did not give Parolee credit for 1725 days of "street time," from his August 10, 2010 release on constructive reparole to his McKean County sentence to May 1, 2015, when the Board declared that he was delinquent. *Id.* at 89.

On January 2, 2017, Parolee filed a Petition for Administrative Review raising a Sentence Credit Challenge, which states:

> I was reparoled 05-03-2016. The offense and charge all happened after that. It states time and forf[e]iture happens to time after paroled. My street time is being take[n] from befor[e] that. This is turning a sentence of 2 yr. 3 mo[s]. to 10 yrs. into a 25 yr. sentence. Please consider this. Thank you.

C.R. at 112.

On January 12, 2017, the Board issued a Notice of Hearing and Charges based on the pending Pine Creek Township burglary and theft charges. C.R. at 93. That same day, Parolee waived his right to a detention hearing. *Id.* at 95. On March 10, 2017, the Board issued a Decision to detain Parolee pending the disposition of the pending charges. *Id.* at 103. On January 10, 2018, Parolee pleaded guilty to a summary disorderly conduct charge and was sentenced by the Clinton County Court of Common Pleas to pay a $100.00 fine; all of the other charges were *nolle prossed*. *Id.* at 104-05, 108, 111. In April 2018, the Board concurred in the parole agent's recommendation that no further action be taken with respect to parolee's new Clinton County summary conviction. *Id.* at 106.

5

On June 18, 2018, the Board received a letter and chart from Parolee asking the Board to review its recalculation of his maximum sentence expiry date in its December 12, 2016 Decision and Order to Recommit. C.R. at 115-118. In his request, Parolee set forth an outline of the time for which he should receive credit for the period of September 4, 1997, through June 1, 2018,[4] and alleged that the maximum expiry date on his original sentence should be approximately June 3, 2020, and not the Board's recalculated date of May 23, 2022. *Id.*

On July 31, 2018, the Board denied Parolee's Petition for Administrative Review stating, in relevant part:

> This is a response to the administrative remedies form received from you on January 5, 2017 (postmarked 01/03/2017). The Board also notes correspondence received June 7, 2018 (postmarked 06/04/2018). Because you object to credit allocation regarding your new max[imum sentence expiry date], your petition is a request for administrative review of the board decision mailed December 23, 2016 (recorded 12/12/2016). After further review of your case, it was determined there is no

---

[4] Parolee no longer sought credit on his original sentence for the period of his "street time," i.e., from his August 10, 2010 release on constructive reparole to the May 1, 2015 Board declaration of delinquency. Rather, Parolee sought the following credit on his original sentence: (1) 45 days for the period of December 27, 1999, to February 10, 2000, that he spent in CCC Conewago; (2) 45 days for the period of February 10, 2000, to March 27, 2000, that he spent in CCF Capitol Pavilion; (3) 64 days for the period of July 2, 2007, to September 4, 2007, that he spent in the Northumberland County Jail; (4) 159 days for the period of January 7, 2008, to June 15, 2008, that he spent in SCI Coal Township; (5) 17 days for the period of February 15, 2009, to March 3, 2009, that he was detained in Kansas and transported to SCI Coal Township; (6) 525 days for the period of March 3, 2009, to August 10, 2010, and 377 days for the period of August 10, 2010, to August 22, 2011, that he served on his McKean County sentence that was to run concurrently with his original sentence; (7) 22 days for the period of February 3, 2016, to February 25, 2016, that he was detained in Nevada and transported to SCI Greene; (8) 69 days for the period of February 25, 2016, to May 2, 2016, that he spent in CCC Progress; and (9) 649 days for the period of August 20, 2016 to June 1, 2018, that he was currently serving in SCI Benner. C.R. at 118.

6

indication the Board failed to properly recalculate your maximum date and your request for relief is denied.

Accordingly, the board decision mailed December 23, 2016 is hereby AFFIRMED.

C.R. at 120. Parolee then filed the instant petition for review.

This Court appointed Counsel to represent Parolee in his appeal. Thereafter, Counsel filed an application for leave to withdraw as counsel and a no-merit letter under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), contending that the appeal is meritless.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*;[5] and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Once appointed

---

[5] In cases where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Where, as here, the right to counsel is statutory and does not derive from the United States Constitution, counsel may provide a "no-merit letter," which details the nature and extent of the attorney's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless. *Turner*, 544 A.2d at 928.

counsel has complied with the technical requirements for withdrawal, we independently review the merits of the petitioner's claims. *Id.* at 70.

Upon review, Counsel's letter satisfies the technical requirements of *Turner*. The letter sets forth the procedural history of the case, reflecting his review of the record. Counsel states that he conducted a conscientious and thorough review of the record, applicable statutes and case law. He sets forth the credit issues Parolee raised in his June 18, 2018 letter and chart asking the Board to review its recalculation of his maximum sentence expiry date, provides a thorough analysis as to why the case lacks merit, and cites applicable statutes and case law in support.

Based on his review, Counsel concludes that Parolee's appeal to this Court is without merit, and he requests permission to withdraw. Counsel provided Parolee with a copy of the *Turner* letter and his request to withdraw. Counsel advised Parolee of his right to retain new counsel or proceed by representing himself.[6] As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we will conduct an independent review of whether Parolee's petition for review lacks merit.[7]

From the outset, we note that Section 73.1(a)(1) and (4) of the Board's regulations states, in pertinent part:

---

[6] Parolee has not retained new counsel, and has not filed a *pro se* brief in support of his petition for review.

[7] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch*, 77 A.3d at 70 n.4.

8

(1) An interested party . . . may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal.

* * *

(4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.

37 Pa. Code §73.1(a)(1), (4).

Similarly, Section 73.1(b)(1) and (3) of the Board's regulations states, in relevant part:

(1) A parolee . . . may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review.

* * *

(3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code §73.1(b)(1), (3). Based on the foregoing, if Parolee's June 18, 2018 letter and chart are deemed to be either an untimely Administrative Appeal of the Board's December 12, 2016 Decision and Order to Recommit setting his maximum sentence expiry date, or a second Petition for Administrative Review of

9

the same, the Board was without jurisdiction to consider the claims raised therein or to grant the requested relief.[8]

To the extent that Parolee has not abandoned his claim for "street time" credit raised in the timely January 2, 2017 Petition for Administrative Review, our review of the certified record demonstrates that it is meritless. Contrary to Parolee's assertion, as outlined above, the Board's December 12, 2016 Decision and Order to Recommit setting his maximum sentence expiry date did not deny him credit for "street time" that occurred prior to his August 10, 2010 constructive parole to the McKean County sentence. *See* C.R. at 89. Rather, in its recalculation, the Board did not give Parolee credit for 1725 days of "street time" from his August 10, 2010 release on constructive reparole to May 1, 2015, when the Board declared that he was delinquent. *Id.*

---

[8] *See, e.g.*, *Merriweather v. Pennsylvania Board of Probation and Parole*, 693 A.2d 1000, 1001 (Pa. Cmwlth. 1996) ("[T]he recommitment of fifteen months was ordered in the Board's June 11, 1996 decision and [the parolee] had thirty days from that date to challenge that decision. However, [he] did not petition the Board until July 18, 1996. Therefore, although he ostensibly appealed the Board's June 28, 1996 decision, any challenge to the Board's June 11, 1996 action, including its imposition of fifteen months backtime, would be untimely, thereby divesting the Board of jurisdiction to consider [his] petition . . . .") (citations omitted); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1095 n.4 (Pa. Cmwlth. 1993) ("Because [the parolee's] request for administrative relief was not filed with the Board until 1992, 6 years after the Board's 1986 determination was issued, and 4 years after the Board's 1988 determination was issued, any allegations concerning such determinations would have been untimely and the Board would have been required to dismiss the appeal as it related to those issues.") (citation omitted); *Ayers v. Pennsylvania Board of Probation and Parole*, 565 A.2d 1257, 1258 (Pa. Cmwlth. 1989) ("Under the provisions of 37 Pa. Code § 73.1, a petition for administrative review of a board determination relating to revocation decisions is to be received within 30 days of the mailing date of the determination. . . . Because Petitioner did not file his request for reconsideration of the Board's October 26, 1987 order until April of 1989 it was untimely, and since the timeliness of an appeal is jurisdictional, the Board was without authority to consider it.") (citation omitted).

Section 6138(a)(2) of the Parole Code, which governs the revocation of parole and the subsequent computation of a convicted parole violator's remaining sentence, states that no credit "shall be given . . . for the time at liberty on parole." 61 Pa. C.S. §6138(a)(2). The Board "may, in its discretion award credit" to a convicted parole violator for time spent at liberty on parole unless the offender is convicted of certain specified offenses. 61 Pa. C.S. §6138(a)(2.1). These offenses include:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1)(i), (ii).

When the offense does not fall within one of the enumerated exceptions, the Board must conduct an individual assessment of the facts and circumstances surrounding his parole revocation. *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 474 (Pa. 2017). "[T]he Board must articulate the basis for its decision to grant or deny . . . credit for time served at liberty on parole." *Id.* Failure to provide a reason constitutes an abuse of discretion necessitating a remand. *Id.*

In this case, Parolee was not recommitted for reasons enumerated in Subsections 6138(a)(2.1)(i) and (ii). Nevertheless, the Board denied credit for this period of "street time." As noted above, in so doing, the Board provided a

11

contemporaneous statement of reasons for the denial. C.R. at 78. Specifically, the Board cited that Parolee "was delinquent & out of state at the time of arrest." *Id.* The Board's reason is sufficient to deny Parolee credit for this period of time that he served at liberty on parole. *See Pittman*. As a result, we conclude that the Board did not err or abuse its discretion in this regard.

Accordingly, we grant Counsel's application to withdraw as counsel, and affirm the Board's order.[9]

_____
MICHAEL H. WOJCIK, Judge

---

[9] It is well settled that this Court may affirm the Board's order on any grounds where the grounds for affirmance exist. *Miller v. State Employees Retirement System*, 137 A.3d 674, 680 n.6 (Pa. Cmwlth.), *appeal denied*, 160 A.3d 758 (Pa. 2016) (citations omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bradley P. Christman,         :
                          :
               Petitioner  :
                          :
           v.          : No. 1139 C.D. 2018
                          :
Pennsylvania Board of     :
Probation and Parole,       :
                          :
          Respondent :

# **O R D E R**

AND NOW, this 28th day of June, 2019, David Crowley, Esquire's application for leave to withdraw as counsel is GRANTED, and the order of the Pennsylvania Board of Probation and Parole, dated July 31, 2018, is AFFIRMED.

 

_____
MICHAEL H. WOJCIK, Judge