IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Adams,                      :
                                   :
                    Petitioner     :
                                   :
          v.                       : No. 777 C.D. 2018
                                   : Submitted: January 4, 2019
Pennsylvania Board of              :
Probation and Parole,              :
                                   :
                    Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 27, 2019


          Robert Adams (Parolee) petitions for review of the order of the
Pennsylvania Board of Probation and Parole (Board) that denied his
Administrative Appeals and Petitions for Administrative Review challenging its
October 3, 2016 decision recommitting him as a convicted parole violator (CPV) to
serve 12 months' backtime[1] when available based on his conviction for terroristic

---

[1] This Court has previously defined the term backtime as:

> [T]hat part of an *existing* judicially[]imposed sentence which the
> Board directs a parolee to complete following a finding after a *civil*
> administrative hearing that the parolee violated the terms and

**(Footnote continued on next page…)**

threats, and its November 4, 2016 decision referring to the October 3, 2016 decision and recommitting him as a CPV to serve a concurrent 12 months' backtime when available[2] based on his conviction for possession of a small amount of marijuana for personal use and possession of marijuana. Also before us is the petition of Kent D. Watkins, Esquire (Counsel), for leave to withdraw as counsel for Parolee on the grounds that Parolee's appeal is without merit and lacks support in either law or fact. For the reasons that follow, we grant Counsel's petition for leave to withdraw and affirm the Board's order.

On June 29, 2001, Parolee was sentenced in Bucks County to an aggregate 10- to 20-year term of imprisonment based on his conviction for two counts of robbery, and a consecutive 7-year probationary term for his conviction of carrying a firearm without a license. Certified Record (C.R.) at 1, 3. With an effective date of December 26, 2000, the minimum sentence expiry date for these convictions was December 26, 2010, and the maximum sentence expiry date was December 26, 2020. *Id.* at 2. He was released on parole in February 2011, but was recommitted by the Board as a technical parole violator in July 2012, and his maximum sentence expiry date was extended to October 7, 2021. *Id.* at 1, 2, 124. In February 2014, Parolee was released on reparole. *Id.* at 7.

---

**(continued…)**

conditions of parole, which time must be served before the parolee may again be eligible to be considered for a grant of parole.

*Krantz v. Pennsylvania Board of Probation and Parole,* 483 A.2d 1044, 1047 (Pa. Cmwlth. 1984) (emphasis in original).

[2] The Board noted that Parolee's availability was "pending parole from/completion of [his] Berks County sentence and [his] return to a State Correctional Institution." Certified Record (C.R.) at 154.

2

On September 1, 2015, Parolee was arrested by the Reading Police and charged with possession of synthetic marijuana, possession of crack cocaine, and public drunkenness. C.R. at 65, 140-141. On August 4, 2016, Parolee pleaded guilty to possession of crack cocaine and was sentenced by the Berks County Court of Common Pleas to 119 days to 23 months' incarceration. *Id.* at 66-69, 115. He received credit for the 119 days of time served with the provision that "upon completion of his[] minimum sentence shall be released without a petition upon approval of a suitable parole plan by the Berks County Parole Office." *Id.*

On December 14, 2015, Parolee was arrested in Philadelphia for aggravated assault, terroristic threats, simple assault, recklessly endangering another person, harassment, and stalking. C.R. at 31-33, 34. On January 4, 2016, the aggravated assault charge was dismissed and the charges of terroristic threats, simple assault, recklessly endangering another person, harassment, and stalking were remanded to municipal court. *Id.* at 96-97. On April 25, 2016 Parolee pleaded guilty to terroristic threats and harassment, and was sentenced by the Philadelphia County Court of Common Pleas to time served to 23½ months' incarceration with immediate parole. *Id.* at 100.

On December 21, 2015, Parolee was arrested in Berks County for possession of a small amount of marijuana for personal use. C.R. at 46-48. On June 23, 2016, Parolee pleaded guilty to the charge and was sentenced to pay a $300.00 fine and costs and to complete 16 hours of community service. *Id.* at 52-58.[3]

---

[3] Documents in the certified record demonstrate that Parolee has been convicted of various additional crimes that are not relevant to the disposition of the instant appeal. Accordingly, they will not be addressed in this opinion.

On August 25, 2016, Parolee waived his right to counsel and a parole revocation hearing, and admitted his Philadelphia County terroristic threats and harassment convictions. C.R. at 84-86. As a result, the Board issued its October 3, 2016 decision recommitting Parolee as a CPV to serve 12 months' backtime when available. *Id.* at 104-05. The Board noted that Parolee's availability was "pending resolution of [his] outstanding criminal charges." *Id.* at 104.

On September 30, 2016, Parolee waived his right to counsel and a parole revocation hearing, and admitted his Berks County drug and public drunkenness convictions. C.R. at 116-119. As a result, the Board issued its November 4, 2016 decision recommitting Parolee as a CPV to serve 12 months' backtime concurrently with the previously imposed backtime when available. *Id.* at 154-155. The Board specifically referred to its October 3, 2016 decision, and noted that Parolee's availability was "pending parole from/completion of [his] Berks County sentence and [his] return to a State Correctional Institution." *Id.* at 154.

On October 16, 2016, Parolee submitted an Administrative Remedies Form challenging the Board's October 3, 2016 decision. C.R. at 195. Parolee asked that he "be given time credited from the date the state detainer was placed on [him] as it kept [him] detained and that the time given by the Board be cut in half." *Id.* He also asked that he "be reparoled upon completion of [the] program suggested by the Parole Board." *Id.* He explained that "without the state detainer," he would have been able to post bail, receive house arrest, or be placed on work release. *Id.*

On September 14, 2017, Parolee submitted another Administrative Remedies Form challenging the Board's November 4, 2016 decision. C.R. at 197-

4

199. Parolee alleged that the Board erred in imposing 12 months' backtime because only 6 months could be imposed for his misdemeanor drug convictions. *Id.* at 197. Parolee also claimed: (1) his maximum sentence expiry date should be December 26, 2021, because the sentencing judge did not order that the date be extended and the Board did so without a court order; (2) he is entitled to credit for 391 days because the Board failed to transport him to a State Correctional Institution after he was paroled in Berks County on August 4, 2016; (3) the backtime imposed should be adjusted from 12 months to 6 months because the offenses to which he pleaded guilty were misdemeanors; (4) he should receive credit from December 14, 2015, to the date of filing because the Board had placed a detainer that prevented him from obtaining bail; and (5) the program evaluations imposed by the Board should be removed because he has exhibited no inappropriate conduct warranting such evaluations. *Id.* at 198-99.

On April 12, 2018, the Board responded via letter and affirmed its October 3, 2016 decision, and dismissed the September 14, 2017 appeal of its November 4, 2016 decision as untimely. C.R. at 201-202. In affirming the October 3, 2016 decision, the Board explained that Parolee was not available to re-start service of his original sentence at the time of the decision due to the unresolved criminal charges. *Id.* at 201. The Board also explained that it properly recommitted Parolee when he was available, pending resolution of the outstanding charges. *Id.* Moreover, the Board stated that it mailed Parolee a recalculation decision on November 4, 2016, that reflects the appropriate credit allocation. *Id.* Thus, the Board determined that the decision mailed on November 4, 2016, triggered Parolee's appeal rights on the issue of calculation reflecting his credit allocation. *Id.*

5

In dismissing Parolee's appeal of its November 4, 2016 decision as untimely, the Board noted that petitions must be received at the Board's Central Office within 30 days of the mailing of the Board's action under its regulations, 37 Pa. Code §73.1, which was mailed on November 4, 2016. C.R. at 201. Therefore, Parolee had until December 4, 2016, to object to the Board's action. *Id.* Because the Board did not receive his petition before that date, and there is no indication that it was submitted to prison officials for mailing by that date, Parolee's petition was untimely and could not be accepted. *Id.* Parolee then filed the instant *pro se* petition seeking this Court's review.

In his petition for review, Parolee claims that the Board: (1) violated his due process rights and his rights against cruel and unusual punishment, and abused its discretion when it extended the maximum sentence expiry date of his original judicially imposed sentence on his robbery convictions; (2) erred and abused its discretion by not granting time credit from December 14, 2015, to August 30, 2017, because a Board warrant prevented the imposition of bail on his pending charges; (3) committed perjury, erred, and abused its discretion by relying on false evidence in denying him credit for time served from August 4, 2016, to August 30, 2017; and (4) violated his substantive and procedural due process rights, and his rights against cruel and unusual punishment and double jeopardy by extending the unexpired term of his maximum sentence expiry date.

This Court appointed Counsel to represent Parolee in his appeal. Thereafter, Counsel filed a petition for leave to withdraw as counsel and a no-merit letter under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), contending that the appeal is meritless.

6

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may withdraw if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Turner*[4]; and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). Once appointed counsel has complied with the technical requirements for withdrawal, we independently review the merits of the petitioner's claims. *Id.* at 70.

Upon review, Counsel's letter satisfies the technical requirements of *Turner*. The letter sets forth the procedural history of the case, reflecting his review of the record. Counsel states that he conducted a conscientious and thorough review of the record, applicable statutes and case law. He sets forth the issues Parolee raised in his Administrative Remedies Forms to review the Board's recalculation of his maximum sentence expiry date, provides a thorough analysis as to why the case lacks merit, and cites applicable regulations and case law in

---

[4] In cases where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit an *Anders* brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) states counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Where, as here, the right to counsel is statutory and does not derive from the United States Constitution, counsel may provide a "no-merit letter," which details the nature and extent of the attorney's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless. *Turner*, 544 A.2d at 928.

support. Based on his review, Counsel concludes that Parolee's appeal to this Court is without merit, and he requests permission to withdraw.

Counsel provided Parolee with a copy of the *Turner* letter and his request to withdraw. Counsel advised Parolee of his right to retain new counsel or proceed by representing himself.[5] As we are satisfied that Counsel has discharged his responsibility in complying with the technical requirements to withdraw from representation, we will conduct an independent review of whether Parolee's petition for review lacks merit.[6]

Upon review, we agree with Counsel that Adams' claims are without merit, lacking support in either law or fact. With respect to the Board's October 3, 2016 decision, Parolee's claim in the October 16, 2016 Administrative Remedies Form regarding the credit that was granted on his sentence is without merit because the Board did not allocate credit in its decision. *See* C.R. at 104-105.

Parolee's other claim regarding the amount of backtime imposed is likewise without merit. Pursuant to Section 75.1(a) of its regulations, the Board is authorized to apply the aggregate presumptive ranges for each conviction when it orders the recommitment of a CPV after holding a revocation hearing. 37 Pa. Code §75.1(a). The presumptive backtime ranges for the terroristic threats and harassment offenses to which Parolee pleaded guilty are 6 to 12 months and 1 to 6

---

[5] By order dated November 1, 2018, this Court denied Parolee's Motion for Appointment of New Counsel and instructed Parolee that he may raise his appellate claims in a *pro se* brief that must be filed by November 26, 2018. To date, Parolee has not retained new counsel, and he has not filed a *pro se* brief in support of his petition for review.

[6] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch*, 77 A.3d at 70 n.4.

8

months, respectively. 37 Pa. Code §75.2. *See also* C.R. at 77. Thus, the 12 months' backtime that the Board imposed is well within the aggregate presumptive ranges for these offenses and is not subject to appellate review by this Court.

As we have explained, "This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations. *Chapman v. Pennsylvania Board of Probation and Parole*, [484 A.2d 413, 417 (Pa. Cmwlth. 1984)]." *Lotz v. Pennsylvania Board of Probation and Parole*, 548 A.2d 1295, 1296 (Pa. Cmwlth. 1988). Further, "[o]ur Supreme Court has held that '[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment.'" *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1077 (Pa. Cmwlth. 2013) (quoting *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 560 (Pa. 1990)).

Finally, with respect to the Board's November 4, 2016 decision, Parolee untimely submitted the Administrative Remedies Form thereby precluding further review by the Board. We note that Section 73.1(a)(1) of the Board's regulations states, in pertinent part:

> (1) An interested party . . . may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order. When a timely appeal of a revocation decision has been filed, the revocation decision will not be deemed final for purpose of appeal to a court until the Board has mailed its decision on the appeal.

37 Pa. Code §73.1(a)(1).

Similarly, Section 73.1(b)(1) of the Board's regulations states, in relevant part:

> (1) A parolee . . . may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review.

37 Pa. Code §73.1(b)(1). Based on the foregoing, if Parolee's September 14, 2017 Administrative Remedies Form is deemed to be either an untimely Administrative Appeal of the Board's November 4, 2016 decision or a Petition for Administrative Review of the same, the Board was without jurisdiction to consider the claims raised therein or to grant the requested relief.[7]

---

[7] *See, e.g., Merriweather v. Pennsylvania Board of Probation and Parole*, 693 A.2d 1000, 1001 (Pa. Cmwlth. 1996) ("[T]he recommitment of fifteen months was ordered in the Board's June 11, 1996 decision and [the parolee] had thirty days from that date to challenge that decision. However, [he] did not petition the Board until July 18, 1996. Therefore, although he ostensibly appealed the Board's June 28, 1996 decision, any challenge to the Board's June 11, 1996 action, including its imposition of fifteen months backtime, would be untimely, thereby divesting the Board of jurisdiction to consider [his] petition . . . .") (citations omitted); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1095 n.4 (Pa. Cmwlth. 1993) ("Because [the parolee's] request for administrative relief was not filed with the Board until 1992, 6 years after the Board's 1986 determination was issued, and 4 years after the Board's 1988 determination was issued, any allegations concerning such determinations would have been untimely and the Board would have been required to dismiss the appeal as it related to those issues.") (citation omitted); *Ayers v. Pennsylvania Board of Probation and Parole*, 565 A.2d 1257, 1258 (Pa. Cmwlth. 1989) ("Under the provisions of 37 Pa. Code § 73.1, a petition for administrative review of a board determination relating to revocation decisions is to be received within 30 days of the mailing date of the determination. . . . Because Petitioner did not file his request for reconsideration of the Board's October 26, 1987 order until April of 1989 it was

**(Footnote continued on next page…)**

Accordingly, we grant Counsel's petition for leave to withdraw as counsel and we affirm the Board's decision.

_____
MICHAEL H. WOJCIK, Judge

---

**(continued…)**

untimely, and since the timeliness of an appeal is jurisdictional, the Board was without authority to consider it.") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Adams,                        :
                                     :
                    Petitioner       :
                                     :
            v.                       : No. 777 C.D. 2018
                                     :
Pennsylvania Board of                :
Probation and Parole,                :
                                     :
                    Respondent       :

# **O R D E R**

AND NOW, this 27th day of August, 2019, Kent D. Watkins, Esquire's petition for leave to withdraw as counsel is GRANTED, and the decision of the Pennsylvania Board of Probation and Parole, dated April 12, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge