IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Clifford Malcomb,        :
          Petitioner     :
         :
      v.       :
         :
Pennsylvania Board of       :
Probation and Parole,       :  No. 385 C.D. 2018
         Respondent   :  Submitted:  March 8, 2019


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON      FILED:  November 8, 2019


Joseph Clifford Malcomb (Malcomb), *pro se*,[1] appeals from the February 20, 2018 decision of the Pennsylvania Board of Probation and Parole (Board) dismissing his petitions for administrative review.  We affirm.

In 1992, Malcomb was sentenced to a minimum of 2 years, 2 months to a maximum of 20 years' imprisonment for committing 2 counts of burglary and 1 count of criminal attempt.  Sentence Status Summary, Certified Record (C.R.) at 1.  The Pennsylvania Department of Corrections calculated a minimum sentence date

---

[1] On August 20, 2018, Malcomb filed a motion to proceed *pro se*, claiming that the public defender appointed to represent him provided ineffective assistance of counsel.  Motion to Proceed *Pro Se* on Appeal, 8/20/18 at 1.  This Court granted Malcomb's motion on September 12, 2018.  Cmwlth. Ct. Order, 9/12/18.

of February 11, 1994 and a maximum sentence date of December 11, 2011. *Id.* The Board released Malcomb on parole on his minimum release date of February 11, 1994. Order to Release on Parole/Reparole, C.R. at 3. The Board subsequently recommitted Malcomb as a technical parole violator and thereafter reparoled, recommitted and reparoled him several times between 1999 and 2005. *See* C.R. at 7-19.

The Board, by decision mailed August 30, 2006, recommitted Malcomb as a technical parole violator and as a convicted parole violator, and recalculated his maximum sentence date to May 19, 2021. Board's Decision, 8/30/06 at 1-3, C.R. at 62-64. Malcomb, through counsel, filed a request for administrative relief challenging the Board's recalculation of his maximum sentence date. Request for Administrative Relief, 9/29/06, C.R. at 67. The Board denied Malcomb's request and affirmed its decision. Board's Decision, 1/25/07, C.R. at 69.

The Board reparoled Malcomb in 2007 and then recommitted him as a technical parole violator in 2008. Order to Release on Parole/Reparole, 1/29/07, C.R. at 70; Board's Decision, 1/25/08, C.R. at 73. Malcomb's maximum sentence date remained May 19, 2021. *See* Board's Decision, 1/25/08, C.R. at 73. Nearly four years after being recommitted, Malcomb again objected to his maximum sentence date. *See* Request for Administrative Relief, 12/15/11 at 1, C.R. at 170. The Board denied Malcomb's challenge, noting that he had already contested this maximum sentence date in 2006, and that its regulations prohibit second or subsequent requests for administrative relief. Board's Decision, 1/9/12, C.R. at 173 (citing 37 Pa. Code § 73.1). In 2012, Malcomb filed a petition for administrative relief, again objecting to, among other things, his maximum sentence date of May 19, 2021. *See* Board's Decision, 11/19/12, C.R. at 177. The Board denied

Malcomb's challenge of his maximum sentence date for the same reasons set forth in its previous denial. *Id.*

The Board reparoled Malcomb in 2013, and then recommitted him as a convicted parole violator by decision mailed February 14, 2017. Order to Release on Parole/Reparole, 10/29/13, C.R. at 181; Board's Decision, 2/14/17 at 1-2, C.R. at 255-56. The Board awarded Malcomb credit for time spent at liberty on parole, and therefore, his maximum sentence date remained May 19, 2021. Board's Decision, 2/14/17 at 1-2, C.R. at 255-56. On May 3, 2017, the Board received a letter from Malcomb in which he again attempted to challenge his maximum sentence date and, additionally, requested immediate release from custody, claiming that he had been incarcerated six years past the expiration of his maximum sentence. Letter, 5/3/17, C.R. at 263.

On June 22, 2017, the Board denied Malcomb parole. Board's Decision, 6/22/17, C.R. at 261. On July 25, 2017, Malcomb submitted a request for administrative remedy challenging the Board's June 22, 2017 parole denial decision and again challenging the recalculation of his maximum sentence date, asserting that he should be immediately released from incarceration. Request for Administrative Remedy at 1-2 & 5, C.R. at 275-76 & 279.

By decision mailed February 20, 2018, the Board provided a consolidated response to correspondence received from Malcomb on May 3, 2017 and July 25, 2017, as well as additional correspondence it received from Malcomb on October 18, 2017 and January 12, 2018. Board's Decision, 2/20/18 at 1, C.R. at 323. The Board found that because Malcomb objected in his May 3, 2017 letter to the Board's recalculation of his maximum sentence date, that letter constituted a challenge to the Board's decision mailed February 14, 2017. *Id.* The Board

3

determined that this challenge was untimely, as it was not submitted within 30 days of the mailing date of the Board's decision. *Id.* (citing 37 Pa. Code § 73.1). The Board further found that the remainder of Malcomb's correspondence (received July 25, 2017, October 18, 2017 and January 12, 2018) consisted of objections to the Board's parole denial decision recorded June 22, 2017, and that such a decision is unreviewable. *Id.* Malcomb petitioned this Court for review.

Before this Court,[2] Malcomb argues that the Board abused its discretion by determining in its "June 2017"[3] decision that he should serve the unexpired maximum, which he contends expired on December 11, 2011 (his original maximum sentence date). Malcomb's Brief at 11. Thus, Malcomb asserts that the Board's order recalculating his sentence constitutes an unconstitutional order. *Id.* Malcomb requests a hearing to resolve his claims. *Id.* at 12.

The Board requests that this Court affirm its February 20, 2018 decision dismissing Malcomb's May 3, 2017 petition for administrative review as untimely because Malcomb mailed his request more than 30 days after the Board's February 14, 2017 decision. Board's Brief at 7 & 10 (citing 37 Pa. Code § 73.1(b)). Further, the Board asserts that its February 14, 2017 and June 22, 2017 decisions merely restated Malcomb's maximum date of May 19, 2021, and that neither constituted a recalculation order. *Id.* at 9. Thus, the Board notes that Malcomb had 30 days from August 30, 2006—the mailing date of the recalculation decision—to challenge his maximum sentence date, and that he in fact did so through a timely request for

---

[2] This Court's review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether the parolee's constitutional rights were violated. *Jackson v. Pa. Bd. of Prob. & Parole*, 951 A.2d 1238, 1240 n.2 (Pa. Cmwlth. 2008).

[3] Malcomb does not specify the exact date of the "June 2017" decision he is appealing but the only decision rendered at the time was the June 22, 2017 decision.

administrative relief, which the Board denied. *Id.*; *id.* at 9 n.1. Upon review, we agree with the Board.

An inmate may challenge the recalculation of his or her maximum sentence date by filing a petition for administrative review pursuant to Section 73.1(b)(1) of the Board's regulations. *See* 37 Pa. Code § 73.1(b)(1) (providing for the filing of petitions for administrative review to challenge parole revocation decisions which are not otherwise appealable under subsection (a)); *see also Evans v. Dep't of Corr.*, 713 A.2d 741, 743 (Pa. Cmwlth. 1998) (stating that "[t]he appeal process available to an inmate who seeks the recalculation of his maximum sentence date is found at 37 Pa. Code § 73.1(b)(1)"). Petitions for administrative review must be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. 37 Pa. Code § 73.1(b)(1). "Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received." 37 Pa. Code § 73.1(b)(3).

We agree with the Board that Malcomb's May 3, 2017 petition for administrative review was untimely. Pursuant to Section 73.1(b)(1) of the Board's regulations, Malcomb had 30 days from February 14, 2017 to petition for administrative review. *See* 37 Pa. Code § 73.1(b)(1). Thus, the Board did not err in dismissing Malcomb's May 3, 2017 challenge as untimely. *See* 37 Pa. Code § 73.1(b)(3) (providing that the Board will not receive "petitions for administrative review which are out of time under this part"); *see also, e.g.*, *Merriwether v. Pa. Bd. of Prob. & Parole*, 693 A.2d 1000, 1001-02 (Pa. Cmwlth. 1997) (affirming the Board's dismissal of a parolee's request for administrative relief, where the parolee filed the request more than 30 days after the mailing date of the Board's decision, thereby divesting the Board of jurisdiction to consider the request).

More importantly, we note, as observed by the Board, that the window in which to contest the recalculation of the maximum sentence date spanned 30 days from August 30, 2006—the date of the Board's recalculation decision.[4] C.R. at 67 & 69. Although the Board reiterated Malcomb's maximum sentence date in its decision mailed on February 14, 2017, the Board's subsequent reference to this date did not reset the 30-day appeal period. *See Merriwether*, 693 A.2d at 1001-02 (holding that inmate's petition for administrative review contesting the imposition of backtime was untimely even though it was filed within 30 days of the Board's most recent decision, because the backtime was first imposed in a prior Board decision, notwithstanding the fact the imposition of backtime was referenced and restated in the more recent decision). Similarly, Malcomb's attempt to contest his maximum sentence date by challenging the Board's June 22, 2017 decision fails, as that decision's reference to the maximum sentence simply reiterated what had already been decided in a prior decision. *See Merriwether*, 693 A.2d at 1001-02. Thus, neither the February 14, 2017 nor the June 22, 2017 Board decision constituted a recalculation order. Further, as noted by the Board in its February 20, 2018 decision, its June 22, 2017 decision in fact constituted a denial of parole, a matter

---

[4] While Malcomb did, in fact, file a request for administrative relief from that decision on September 29, 2006, the Board denied Malcomb's request and affirmed its decision, which is now final. In addition to this administrative review challenge, our review of the record indicates that Malcomb also attempted to challenge the Board's August 30, 2006 recalculation of his maximum sentence date on December 15, 2011 and October 17, 2012. *See* C.R. at 67, 173, & 177. Thus, the Board's dismissal of Malcomb's May 3, 2017 challenge is supported on the additional basis that the Board's regulations specifically prohibit "second or subsequent petitions for administrative review." 37 Pa. Code § 73.1(b)(3).

In his appellate brief, Malcomb asserts that the Board abused its discretion in denying his September 2006 petition for administrative review. Malcomb's Brief at 11. However, Malcomb had 30 days to appeal the Board's denial to this Court. *See* Pa.R.A.P. 1512(a)(1). Thus, this argument fails.

which is generally not appealable. *See Myers v. Ridge,* 712 A.2d 791, 794 (Pa. Cmwlth. 1998) (stating that decisions of the Board granting or denying parole are generally not appealable except to the extent a constitutional or statutory violation has occurred).[5]

Accordingly, for the foregoing reasons, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[5] Malcomb asserts in the summary of argument and the conclusion sections of his appellate brief, but not in the argument section, that he received ineffective assistance of counsel. Malcomb's Brief at 5 & 9. This Court has noted previously that "the proper procedure for raising the issue of ineffective assistance of counsel is to file a petition before the Board, even if the case is on appeal," as "this court is not the proper forum to first raise the issue." *Scott v. Pa. Bd. of Prob. & Parole*, 739 A.2d 1142, 1145 (Pa. Cmwlth. 1999). It does not appear from the record that Malcomb first asserted the above claims before the Board.

Further, in the questions presented and summary of argument sections of his appellate brief, Malcomb contends that the Board unconstitutionally recalculated his maximum sentence date for a summary offense conviction. Malcomb's Brief at 2 & 10. As noted above, the Board recalculated Malcomb's maximum sentence date by decision mailed August 30, 2006. *See* Board's Decision, 8/30/06 at 1, C.R. at 62. For the reasons explained above, Malcomb's attempt to challenge this decision is untimely and, therefore, fails.

<u>IN THE COMMONWEALTH COURT OF PENNSYLVANIA0</u>

Joseph Clifford Malcomb,        :
           Petitioner      :
                            :
        v.               :
                            :
Pennsylvania Board of        :
Probation and Parole,        :   No. 385 C.D. 2018
           Respondent   :

<u>O R D E R</u>

AND NOW, this 8th day of November, 2019, the February 20, 2018 decision of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge