Robert Coach, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs to Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Timothy P. Wile,* for petitioner.

*Robert A. Greevy,* Chief Counsel, with him *Arthur R. Thomas,* Assistant Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

Opinion By Judge MacPhail, March 7, 1984:

Robert Coach (Petitioner) has appealed from the dismissal of his application for administrative relief by the Pennsylvania Board of Probation and Parole (Board) on July 27, 1983. The application was dismissed as having been untimely filed under the pertinent Board regulation found at 37 Pa. Code §71.5(h). By order dated November 9, 1983, we have granted the Board's motion to limit the issue in this appeal to whether the Board erred in finding the application for administrative relief to be untimely.

The chronology pertinent to the issue before us begins with the date of August 31, 1982, when the Board ordered Petitioner recommitted as a convicted parole violator, when available, to serve 24 months. On June 21, 1983, Petitioner attempted to file a direct

appeal with this Court challenging the Board's recommitment action. Petitioner's appeal, however, was dismissed on June 27, 1983 due to his failure to pursue initial administrative review of the August 31, 1982 decision with the Board. The appeal was dismissed without prejudice to Petitioner's right to again appeal to this Court following the exhaustion of his administrative remedies.

As a result of our order, Petitioner sought administrative relief with the Board by application dated July 5, 1983. The application, as we have noted, was dismissed by the Board as being untimely under the following Board regulation:

When any errors under this chapter are alleged subsequent to the Board's order, the parolee, by his attorney unless he is unrepresented, may apply to the Board *within 30 days of the entry of the order* for appropriate review and relief. . . . When a timely request for administrative review of an order has been filed, the order will not be deemed final for purposes of appeal until the Board has mailed its response to the request for administrative review.

37 Pa. Code §71.5(h) (emphasis added). The Board reasoned that since Petitioner had failed to request administrative relief within 30 days of its August 31, 1982 decision, any attempt to do so thereafter must be ruled to be untimely.

Petitioner correctly points out, however, that the 30 day time limit in the Board's regulation did not become effective until September 19, 1982, more than two weeks *after* the Board's August 31 decision. Thus, Petitioner argues that he is entitled to act in accordance with the prior form of the Board's regulation which included no specific time limitation on applications for administrative relief. Petitioner would con-

clude that his application must, therefore, be regarded as having been timely filed.

We agree with Petitioner that he is entitled to have his application for administrative relief considered by the Board on its merits. Our order dismissing Petitioner's prior appeal was intended to give him the opportunity to pursue his administrative remedies under the Board's regulations. Had we viewed Petitioner's failure to file for administrative relief within 30 days of the August 31 recommitment order as fatal to his claim, we would have dismissed his appeal with prejudice. Instead, we recognized then, as we do now, that Petitioner should not be denied the right of an administrative appeal on the basis of a regulation which was not in effect at the time the recommitment order was issued. We, accordingly, will reverse and remand so that Petitioner's application for administrative relief may be considered on its merits by the Board.

### Order

The decision of the Pennsylvania Board of Probation and Parole, dated July 27, 1983, is hereby reversed and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.