**Frank J. POMETTI, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 26, 1997.

Decided Jan. 23, 1998.

William R. Ruzzo, Wilkes–Barre, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

FLAHERTY, Judge.

This case is before us on counsel's petition to withdraw from his representation of Frank J. Pometti (Petitioner) who petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief as untimely. We reverse and remand, and we deny counsel's petition to withdraw.

In 1985, Petitioner was initially sentenced to serve three-to-ten years of incarceration for criminal conspiracy. In September 1986, Petitioner was released on parole. Petitioner was subsequently recommitted four times, prior to the instant recommitment, as both a technical and a convicted parole violator. On March 19, 1995, Scranton law enforcement searched Petitioner's residence and discovered drug paraphernalia and controlled substances that tested positive for cocaine and opiates. Consequently, Petitioner was ordered to submit to chemical testing. As a result, Petitioner tested positive for cocaine and opiates. Petitioner was subsequently placed in the Community Parole Center Program where he was to remain until successfully discharged. On April 20, 1995, Petitioner's girlfriend attempted to smuggle heroine and hypodermic syringes into the drug treatment center for Petitioner. Petitioner failed to successfully complete the program, which was also a violation of the conditions of his parole. On May 12, 1995, the Board issued a warrant to commit and detain Petitioner. On this same date, Petitioner was arrested after eluding police and parole supervision agents for several hours. On September 5, 1995, Petitioner was convicted for the crime of resisting arrest and, on October 19, 1995, he was sentenced to serve three months to two years at the Monroe County Correctional Facility.

On November 2, 1995, the Board conducted a parole revocation hearing at the Monroe County Correctional Facility. By order dated May 25, 1996, Petitioner was recommitted for a fifth time as a technical and convicted parole violator and ordered to serve thirty months backtime at the Dallas State Correctional Institution. The Board subsequently denied Petitioner's request for administrative relief as untimely filed, and Petitioner appealed to this court.

Petitioner raises the following issues on appeal: (1) whether Petitioner's request for administrative relief was timely filed; and (2) whether the Board's order requiring Petitioner to serve thirty months backtime is excessive.

Before addressing Petitioner's issues, we note that, in reviewing counsel's petition to withdraw, we must make an independent evaluation of the Board's actions and the manner in which the Board conducted the proceedings to determine whether a parolee's appeal is without merit.[1]  *Dear v.*

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were supported by substantial competent evidence. *McCaskill v. Pennsylvania Board of Pro-*

*Pennsylvania Board of Probation and Parole,* 686 A.2d 423, 426 (Pa.Cmwlth.1996). Counsel also must satisfy certain technical requirements, *Id.,* the elements of which we need not address in the instant case because, for the reasons that follow, we conclude that Petitioner not only presented a meritorious appeal, but also prevails on the timeliness issue.

This court has recognized that the Board's regulations expressly provide that a convicted parole violator may appeal a decision to revoke parole only if such appeals are received at the Board's Central Office within thirty days from the mailing date of the Board's order and that the Board lacks jurisdiction to review untimely appeals. *McCaskill,* 631 A.2d at 1095. The Board's May 25, 1996 recommitment order states that "[i]f you [Petitioner] wish to appeal this decision, you must file a request for administrative relief with the Board within thirty days of this order." (Certified Record at 83). The mailing date of this order is June 3, 1996, and the re-mailing date is June 19, 1996. (Certified Record at 83). The Board received Petitioner's request for administrative relief on July 3, 1996, (Certified Record at 86, 88), which was within the thirty-day limitation required by the regulations with respect to both the mailing date and the re-mailing date. 37 Pa.Code § 73.1. We, therefore, hold that Petitioner's appeal was not untimely filed. However, given the procedural posture of the instant appeal, we must remand the matter to the Board so it can consider the merits of Petitioner's appeal, i.e., whether thirty months backtime is excessive in the instant case.

When the Board revokes a parolee's parole and orders him to serve backtime, there must first be a revocation hearing before either a panel of hearing examiners from the Board or, in the alternative, by one hearing examiner if the parolee waives his right to have his case heard by the panel. 37 Pa. Code § 71.2(13). Subsequent to an unfavorable determination by the panel as a result of the fact-finding and hearing phase, the parolee may appeal to the Board for administrative review of the panel's decision. 37 Pa.

bation and Parole, 158 Pa.Cmwlth. 450, 631 A.2d

Code § 73.1. Therefore, there is a bifurcated system, within the Board, of conducting fact-finding proceedings and reviewing those proceedings for errors in an appellate capacity.

■ This court has jurisdiction over final decisions from the Board only after the Board acts in its appellate capacity. Section 763(a) of the Judicial Code, 42 Pa.C.S. § 763(a), confers exclusive jurisdiction upon the Commonwealth Court over "appeals from final orders of government agencies." 42 Pa.C.S. § 763(a). The Board is a statewide agency of the Commonwealth. In order for a decision of the Board to be final, for purposes of appellate review, the Board must issue a final decision on the merits of a parolee's claims after its own appellate review of that particular case. This court and our Supreme Court have consistently held that litigants must exhaust their administrative remedies, where such remedies are available, before their right to judicial review comes into being, and courts should defer judicial review when the question presented is one within an agency's specialization. *Shenango Valley Osteopathic Hospital v. Department of Health,* 499 Pa. 39, 451 A.2d 434 (1982); *Delaware Valley Convalescent Center v. Beal,* 488 Pa. 292, 412 A.2d 514 (1980); *Killian v. Unemployment Compensation Board of Review,* 46 Pa.Cmwlth. 219, 405 A.2d 1372 (1979).

In the instant case, the Board conducted a parole revocation hearing. After making findings of fact and conclusions of law, the examiner determined that Pometti should be recommitted to serve thirty months backtime. Pometti filed an appeal to the Board for administrative review pursuant to 37 Pa. Code § 73.1. Without considering the merits, the Board dismissed his appeal as untimely filed. Although this determination was in error, given that determination, the Board properly refused to review the merits of Pometti's appeal, which challenged the calculation of his backtime, because this court has consistently held that the Board does not have the jurisdiction to hear an untimely filed appeal. *Ayers v. Board of Probation and Parole,* 129 Pa.Cmwlth. 440, 565 A.2d

1092, 1094 n. 2 (1993).

1257 (1989). Therefore, the Board has yet to render a final appellate decision regarding the merits of Pometti's challenge to his backtime. At this time, there is no final order for us to either affirm, reverse, modify, or vacate. The only order that does exist is a final determination as to the timeliness of Pometti's administrative appeal and that order is the only final determination upon which we can act at this time. Additionally, we have consistently held that, when this court reverses the Board's determination that a parolee's administrative appeal was untimely, the case must be remanded to the board for a determination on the merits. *Lewis v. Pennsylvania Board of Probation and Parole,* 97 Pa.Cmwlth. 271, 508 A.2d 644, 646 (1986); *Calcagni v. Pennsylvania Board of Probation and Parole,* 136 Pa.Cmwlth. 177, 582 A.2d 1141, 1143–44 (1990); *Coach v. Pennsylvania Board of Probation and Parole,* 80 Pa.Cmwlth. 623, 472 A.2d 280, 282 (1984).

■ Consequently, we are unable to grant counsel's petition to withdraw. Pometti raised two issues in his petition for review. The first issue challenges the Board's determination that his appeal was untimely. We agreed. Therefore, Pometti's appeal cannot be frivolous if one of the issues he raises is meritorious. Although a remand would, as a practical matter, have the effect of dismissing counsel's appointment for purposes of this appeal, it would be clear error to grant his petition to withdraw when Pometti's appeal was meritorious.

Accordingly, we reverse the order of the Board and remand to the Board for it to consider the merits of Petitioner's appeal. Additionally, because Petitioner's appeal does not lack merit, counsel's petition to withdraw from his appointed representation is denied.

### ORDER

AND NOW, this 23rd day of January, 1998, the action of the Pennsylvania Board of Probation and Parole, dismissing Frank J. Pometti's request for administrative relief as untimely, is hereby reversed, and the request is remanded for consideration on its merits. Additionally, the petition to withdraw as counsel, filed by Pometti's counsel, William Ruzzo, is denied.

Jurisdiction relinquished.