**Jeffery SHIVERS, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 5, 2000.

Decided Aug. 24, 2000.

Joseph P. Burt, Erie, for petitioner.

Susan M. Zeamer, Harrisburg, for petitioner.

Before PELLEGRINI, J., FLAHERTY, J., McCLOSKEY, Senior Judge.

FLAHERTY, J.

Jeffery Shivers (Petitioner) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief. We reverse the order of the Board.

Petitioner was originally convicted and sentenced to six to twelve years for various offenses. Petitioner had a minimum sentence date of May 18, 1994 and a maximum sentence date of May 18, 2000. He was paroled from this sentence to an intensive supervision unit on December 1, 1996.

On July 29, 1997, Petitioner was arrested on a new criminal charge of delivery of cocaine. A warrant to commit and detain was issued by the Board on the same date for violation of his parole. Petitioner did not post bail on the new criminal charge.

On July 14, 1998, Petitioner pled guilty to delivery of cocaine and was sentenced to one and one half years to three years for the crime. Petitioner was returned to SCI–Camp Hill on July 20, 1998.[1]

On January 25, 1999, the Board conducted Petitioner's revocation hearing. At the hearing Petitioner raised the issue that the hearing had not been timely held in accordance with 37 Pa.Code § 71.4 because it was more than 120 days since his guilty plea and return to state custody on July 20, 1998. As a result of the revocation hearing, by a greensheet mailed May 3, 1999, Petitioner was recommitted as a convicted parole violator to serve twelve months backtime. On May 11, 1999 Petitioner filed a request for administrative relief again raising the issue of the timeliness of the revocation hearing. Petitioner's request was denied by the Board by letter dated July 30, 1999. His petition for review to this Court followed.

Petitioner raises one issue for our review and that is whether the Board abused its discretion when it did not conduct Petitioner's revocation hearing within 120 days of his plea of guilty or notice to the Board of his guilty plea to the new criminal offense.[2] After review of the facts and in light of this Court's recent decisions in *Williams v. Pennsylvania Board of Probation and Parole*, 751 A.2d 703 (Pa.Cmwlth.2000)(*Williams I*) and *Williams v. Pennsylvania Board of Probation and Parole*, 757 A.2d 436 (Pa. Cmwlth.2000) (*Williams II*) we must agree with Petitioner that the Board erred when it did not hold his revocation hearing within 120 days of his return to state custody.

Petitioner argues that according to 37 Pa.Code § 71.4 a revocation hearing must

1. August 25, 1998 was the date of verification to the Board of Petitioner's plea of guilty and his new sentence.

2. Our review of this case is limited under Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, to determining whether necessary findings are supported by substantial evidence, an error of law was committed, or a constitutional right of the parolee was violated. *Pometti v. Pennsylvania Board of Probation and Parole*, 705 A.2d 953 (Pa. Cmwlth.1998).

be held within 120 days of notice to the Board of a petitioner's plea or conviction.[3] Because the Board did not hold Petitioner's revocation hearing within that 120 day time frame, Petitioner argues that the Board abused its discretion.

The Board argues that while 37 Pa.Code § 71.4 is the general rule, 37 Pa.Code § 71.5(e) is an exception that allows the Board to defer a revocation hearing until a convicted parolee has either fully or partially served a new sentence.[4]

This Court held in *Williams I* that because due process does not require a revocation hearing to be held when a parolee is being charged as a convicted parole violator while serving a sentence for a subsequent conviction, 37 Pa.Code § 71.5(e) does not violate due process rights to a timely hearing. However, the Court did question whether Section 71.5(e) requires the Board to show "good cause" for deferring the revocation hearing.

The Court pointed out that during the rulemaking period, the Board indicated that it would retain the "good cause" requirement in the regulation. However, the final version of the regulation did not specifically include this "good cause" requirement. Because the requirement was not included, the Court remanded the case to the Board with specific instructions to explain why the "good cause" requirement was not included in the final regulation as the Board had indicated that it would be included.

In response to the remand in *Williams I*, the Board indicated that it could not conclude after twelve years why the "good cause" requirement was not included in the final regulation. The Board then stat-

ed that as a practical matter, administratively, a "good cause" requirement is implicit within the regulation. *Williams II*, 757 A.2d at 438. The *Williams II* Court then concluded that when interpreting the regulation to include "good cause", as the Board suggests, it must be decided whether there was "good cause" to hold the revocation hearing past 120 days. The *Williams II* Court found that "good cause" in delaying the hearing means, for example, too many cases before the Board, the prisoner is serving prison discipline, or the Board deems it to be in the prisoner's best interests. Merely delaying a revocation hearing beyond the 120–day requirement just so an inmate may serve an unspecified amount of time on his new sentence, without any further justification, does not equate with holding a hearing within a reasonable time or comport with due process. *Williams II*, 757 A.2d at 438.

The Board offers in its brief to the Court that Petitioner's revocation hearing was deferred until he had served at least some time on his new sentence so that the Board would have more information available to it when determining an appropriate amount of backtime to be served on the parole violation. The Board also contends that since Petitioner was recommitted to serve only twelve months of backtime for his new conviction, as opposed to the eighteen to twenty-four months allowed by 37 Pa.Code § 75.2[5], the Board had good cause to delay his revocation hearing and Petitioner was not prejudiced in any way. While the Board provided this alleged "good cause" explanation in its brief, no "good cause" explanation was proffered at the revocation hearing when Petitioner

---

**3.** The Board's regulation 37 Pa.Code § 71.4 provides in pertinent part that: "(1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty of nolo contendere or of the guilty verdict at the highest trial court level...."

**4.** The Board's regulation at 37 Pa.Code § 71.5(e) provides that: "Notwithstanding § 71.4 (relating to conviction for a new crimi-

nal offense), the Board may defer the revocation hearing until either partial or full service of a new sentence which a parolee receives."

**5.** The Board's regulation at 37 Pa.Code § 75.2 provides a presumptive range of eighteen to twenty-four months for a drug law violation that is a felony with a statutory maximum of ten years.

raised the issue of timeliness of the hearing. Moreover, in response to Petitioner's request for administrative relief, the Board simply responded that 37 Pa.Code § 71.5(e) provides that the Board may defer the revocation hearing until either partial or full service of a new sentence which a parolee receives.

Based upon this Court's holding in *Williams II*, we now conclude that the Board did not have "good cause" for its delay in conducting Petitioner's revocation hearing. As stated before, merely delaying a revocation hearing beyond the 120–day requirement just so an inmate may serve an unspecified amount of time on his new sentence, without further justification, does not equate with holding a hearing within a reasonable time or comport with due process. We cannot conclude, based upon the record, that any other appropriate "good cause" was evident in this case. Accordingly, the decision of the Board is reversed.

## ORDER

AND NOW, this 24th day of August, 2000, the decision of the Pennsylvania Board of Probation and Parole at No. 3198–M mailed on July 30, 1999, is reversed.