IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin D. Gilmore,                                  :
                          Petitioner               :
                                                   :
            v.                                      :
                                                   :
Pennsylvania Parole Board,                          :      No. 478 C.D. 2022
                          Respondent                :      Submitted: February 3, 2023

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                          FILED: March 21, 2023

            Justin D. Gilmore (Gilmore), pro se, petitions this Court for review of
the Pennsylvania Parole Board's (Board) March 24, 2022 order (mailed April 15,
2022)[1] affirming the Board's decision recorded July 8, 2021 (mailed July 16, 2021).
Gilmore presents one issue for this Court's review: whether he was entitled to a jury
for his parole revocation hearing.  After review, this Court affirms.

            Gilmore is currently incarcerated at the State Correctional Institution
(SCI) at Houtzdale.[2]  On September 29, 2011, Gilmore was sentenced to 3½- to 10-
years of incarceration for aggravated assault with a deadly weapon (Original
Sentence).  See Certified Record (C.R.) at 1.  His Original Sentence maximum
release date was April 24, 2022.  See id.  On August 22, 2019, the Board reparoled
Gilmore from his Original Sentence.  See C.R. at 21.  As a condition of his reparole,
Gilmore consented to the following special condition:

_____

[1] The Board mailed its March 24, 2022 order on March 25, 2022.  However, because the
Board used an invalid institution number in the address, the decision was returned to the Board on
April 13, 2022.  See Certified Record at 146.  By April 15, 2022 letter, the Board notified Gilmore
of its error, enclosed the March 24, 2022 decision, and informed Gilmore: "You may use [April
15, 2022,] for any [] appellate petitions to Commonwealth Court."  Certified Record at 147.
            [2] See http://inmatelocator.cor.pa.gov (last visited Mar. 20, 2023).

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 22.

On November 15, 2019, Erie City police arrested Gilmore for Strangulation - Applying Pressure to Throat or Neck (F2), Unlawful Restraint/ Serious Bodily Injury (M1), Simple Assault (M2), and Harassment - Subject Other to Physical Contact (S) (New Charges), and placed him in the Erie County Prison. *See* C.R. at 36, 39-48, 66. Gilmore did not post bail on his New Charges. *See* C.R. at 70, 104. That same day, the Board issued a Warrant to Commit and Detain Gilmore pending disposition of the New Charges. *See* C.R. at 35.

On November 26, 2019, the Board issued a Notice of Charges and Hearing, scheduling Gilmore's detention hearing for December 13, 2019. *See* C.R. at 36-37. Gilmore admitted to being arrested on the New Charges and waived his right to counsel and the detention hearing. *See* C.R. at 38, 49-53. By decision recorded February 21, 2020, the Board detained Gilmore pending disposition of his New Charges. *See* C.R. at 51-52, 54.

On March 11, 2021, Gilmore pled guilty to Simple Assault (M2) and the remaining New Charges were nolle prossed. *See* C.R. at 60, 66, 71. The Erie County Common Pleas Court sentenced Gilmore to 10 months to 23 months and 15 days of incarceration, with a credit for the 483 days he spent in the Erie County Prison from November 15, 2019 to March 11, 2021. *See id.* The sentencing order specified that Gilmore's confinement was "[c]oncurrent with . . . [a]ny other sentence [he was] currently serving." *See* C.R. at 66. Because Gilmore had already met his minimum sentence date, he was paroled that day, and was returned from the

2

Erie County Prison to state custody at SCI-Smithfield on March 17, 2021, then moved to SCI-Houtzdale on April 20, 2021. *See* C.R. at 93, 102, 116.

On May 14, 2021, the Board issued a Notice of Charges and Hearing, scheduling Gilmore's parole revocation hearing for May 25, 2021, based on the simple assault conviction. *See* C.R. at 55-79. Gilmore waived his right to a panel hearing, but requested counsel, and Public Defender Steven Johnston, Esquire (Counsel) was appointed to represent him. *See* C.R. at 57-58, 93.

At the May 25, 2021 revocation hearing, Gilmore acknowledged his simple assault conviction, *see* C.R. at 86-87, 90, 98, and Counsel represented:

> [Counsel:] [] Gilmore would like just to advise the Board, in determining his CPB [sic] sentence,[3] he would like the Board to consider not only the amount of time that he has served toward his [Original S]entence, but also his gainful employment during his periods of parole. And he also would like to advise the [B]oard that the particular --- the history with the particular victim in this case, who's the complainant/victim of the underlying simple assault that brings us before the Board today, there is a rather checkered history with that victim. She has in the past filed numerous charges, several of which have been dropped. He indicates that there was some indication that she may wish to recant portions or elements of her original complaint in this case. In any event, for various reasons, he has accepted the guilty plea. He has entered into the guilty plea and does recognize that that establishes the basis for a CPB [sic] to be imposed, but would ask to be recommitted towards the bottom end of the standard guidelines for something on the order of nine months as opposed to being recommitted for completion of his entire remaining [Original S]entence.
>
> [Counsel:] [] Gilmore, have I failed to mention anything that you wish to address to the Board?

---

[3] It is unclear what Counsel meant by CPB. Perhaps Counsel meant it to stand for *convicted parole backtime* or maybe he said *CPV* (referring to a convicted parole violator) and the stenographer misheard him.

[] GILMORE: No, sir.

[Counsel]: Very well.  We have nothing further to present to the Board at this time.

C.R. at 89-90; *see also* C.R. at 95.

By decision recorded July 8, 2021 (mailed July 16, 2021), the Board recommitted Gilmore as a convicted parole violator to serve 12 months of backtime on his Original Sentence, without credit for time he spent at liberty on parole because he "committed a new conviction that is the same or similar to [his] original offense[,]" and "committed a new offense that was assaultive in nature[.]"  C.R. at 97; *see also* C.R. at 93-96, 98-101, 119-120.  The Board recalculated Gilmore's Original Sentence maximum release date to November 12, 2023.  *See* C.R. at 119-120.

On July 30, 2021, Gilmore, pro se, filed a Petition for Administrative Review challenging the Board's Original Sentence maximum release date recalculation.[4]  *See* C.R. at 126-127.  On October 20, 2021, Gilmore filed an Administrative Appeal/Petition for Administrative Review with the Board,[5] claiming that the Board's recommitment order was void because his "new sentence [was] not authorized by a jury" as required by the United States Constitution and *United States v. Haymond*, 139 S. Ct. 2369 (2019), which he claimed extended jury protection to revocation hearings.  C.R. at 129; *see also* C.R. at 130-139.  In the attachment appended to Gilmore's October 20, 2021 appeal, Gilmore referenced that

_____

[4] The Board received the appeal on August 6, 2021.  *See* C.R. at 126.

[5] Exhibit E attached to Gilmore's October 20, 2021 appeal reflected that, on October 13, 2021, he filed an Inmate Request to SCI Staff Member seeking the status of his July 30, 2021 appeal.  *See* C.R. at 137.  SCI staff responded on October 15, 2021, that since he had not received the Board's decision, he should resubmit it because "[t]he system d[id] not indicate it was ever received by Central Office."  *Id.*; *see also* C.R. at 130.  However, the crux of his October 20, 2021 appeal was his claim that he was entitled to a jury relative to his revocation hearing.  *See* C.R. at 129.  Gilmore's reference to the Original Sentence maximum date recalculation was in an attachment appended to the October 20, 2021 appeal form.  *See* C.R. at 130.

4

he had not received the Board's response to his July 30, 2021 appeal and again asked why the Board extended his Original Sentence maximum release date. *See* C.R. at 130.

On March 24, 2022, the Board affirmed its decision recorded July 8, 2021 (mailed July 16, 2021) as to Gilmore's Original Sentence maximum date recalculation, *see* C.R. at 140-142, and declared: "[The a]dditional correspondence postmarked October 20, 2021[,] need not be considered, pursuant to [Section 73.1 of] the Board's [R]egulation[s,] 37 Pa. Code § 73.1 [(relating to untimely appeal filings)]."[6] C.R. at 140. Gilmore timely appealed to this Court.[7]

In his Petition for Review filed in this Court, Gilmore challenged the Board's March 24, 2022 decision on the basis that the Board's recalculation of his Original Sentence maximum release date was not supported by substantial evidence, *and* that the Board's revocation decision was void because he was not afforded the protection of an impartial jury of his peers as part of the revocation process. *See* Petition for Review at 13. However, in the Statement of Questions Involved and Argument portions of his brief to this Court, Gilmore *only* argues that the Board violated the United States Constitution and *Haymond* by imposing a new, higher maximum prison term based on a "nonjury/non-beyond a reasonable doubt" revocation hearing. Gilmore Br. at 11; *see also* Gilmore Br. at 1-10, 12-13. The Board retorts that Gilmore waived his jury trial challenge because he did not raise any such objection at his revocation hearing, nor in his timely July 30, 2021 appeal from the Board's decision recorded July 8, 2021 (mailed July 16, 2021).

---

[6] The Board mailed the decision to Gilmore on April 15, 2022.

[7] "This Court's 'review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated.' *Ramos v. Pa. Bd. of Prob.* [&] *Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

Section 73.1 of the Board's Regulations mandates that administrative appeals and petitions for administrative review must be filed within 30 days of the mailing date of the Board's determination, and the Board "will not . . . receive[]" appeals that are not timely filed. 37 Pa. Code § 73.1(a)(3), (b)(3). This Regulation is based on the fact that "the timeliness of an appeal is jurisdictional, [and] the Board [i]s without authority to consider" late-filed appeals. *Ayers v. Pa. Bd. of Prob. & Parole*, 565 A.2d 1257, 1258 (Pa. Cmwlth. 1989); *see also Pometti v. Pa. Bd. of Prob. & Parole*, 705 A.2d 953, 955 (Pa. Cmwlth. 1998) ("[T]he Board does not have the jurisdiction to hear an untimely filed appeal.").

Moreover, Pennsylvania Rule of Appellate Procedure 1551(a) specifies: "Only questions raised before the government unit shall be heard or considered" on appeal. Pa.R.A.P. 1551(a). "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's [timely] administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *see also Mesko v. Pa. Bd. of Prob. & Parole*, 245 A.3d 1174, 1179-80 (Pa. Cmwlth. 2021) ("It is well settled that 'issues not raised by a [convicted parole violator] before the [B]oard in a [timely] administrative appeal are waived for purposes of appellate review by this [C]ourt.' *McCaskill v. Pa. Bd. of Prob. & Parole*, . . . 631 A.2d 1092, 1094-95 ([Pa. Cmwlth.] 1993).").

Gilmore did not raise his jury challenge at the May 25, 2021 revocation hearing, nor in his July 30, 2021 appeal from the Board's decision recorded July 8, 2021 (mailed July 16, 2021) that was timely filed.[8] Although Gilmore raised that issue in his October 20, 2021 appeal, because that appeal was not filed within 30

---

[8] Moreover, the record offers no basis on which this Court could hold that Gilmore's jury issue was subsumed in the timely appeal of his Original Sentence maximum date recalculation issue.

6

days of the mailing date of the Board's decision recorded July 8, 2021 (mailed July 16, 2021), the Board properly rejected the appeal as untimely and refused to consider the jury issue in its March 24, 2022 determination. *See* C.R. at 140. Even if Gilmore filed the October 20, 2021 appeal believing that the Board may not have received his July 30, 2021 appeal, his failure to raise the jury issue to the Board in the first instance was fatal. Accordingly, there is nothing remaining before this Court to address.[9]

Based on the foregoing, this Court affirms the Board's order.

---

[9] Because Gilmore clearly limited his appeal to this Court to his jury challenge, he waived the opportunity for this Court to review any claim that the Board erred by affirming its Original Sentence maximum date recalculation. Although Gilmore raised both the Original Sentence maximum release date recalculation and jury challenges in his Petition for Review, he did not reference his Original Sentence maximum release date recalculation in his brief to this Court, let alone list it among his Statement of Questions Involved or discuss it in his Argument. *See Mandler v. Commonwealth*, 247 A.3d 104 (Pa. Cmwlth.), *aff'd*, 263 A.3d 551 (Pa. 2021) (Issues not raised in a party's statement of questions involved and argument sections of his brief are waived.).

Even if the issue of recalculation were properly before this Court, this Court would affirm the Board's order. In his initial administrative remedies form, Gilmore argued that the Board erred in crediting the amount of backtime owed on his Original Sentence and recalculating his Original Sentence maximum release date. Section 6138(a)(2) of Prisons and Parole Code (Code) authorizes the Board to recommit CPVs to serve the remainder of the term they would have been required to serve, which requires the Board to recalculate a sentence. *See* 61 Pa.C.S. § 6138(a)(2). At the time Gilmore was paroled from his Original Sentence on August 22, 2019, he had 976 days remaining on his Original Sentence. The Board denied Gilmore credit for time spent at liberty on parole for reasons relating to his new conviction and supervision history. *See* C.R. at 131. Because Gilmore was denied time spent at liberty on parole, he owed 976 days on his Original Sentence. Thus, this Court would conclude that the Board properly recalculated his Original Sentence maximum release date.

Additionally, Section 6138(a)(5) of the Code provides that a CPV who is released from an SCI and receives a new sentence to be served in a county facility must serve the new sentence first. *See* 61 Pa.C.S. § 6138(a)(5). Here, Gilmore became available to serve his Original Sentence on March 11, 2021, when he was paroled from his Erie County sentence. Adding 976 days to March 11, 2021, yields a new Original Sentence maximum release date of November 12, 2023. Accordingly, this Court would conclude that the Board had properly recalculated Gilmore's Original Sentence maximum release date.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin D. Gilmore, : 
                   Petitioner : 
                                 : 
       v. : 
                                 : 
Pennsylvania Parole Board, :    No. 478 C.D. 2022
                   Respondent : 

PER CURIAM                    O R D E R

      AND NOW, this 21st day of March, 2023, the Pennsylvania Parole Board's March 24, 2022 order (mailed April 15, 2022) is affirmed.