IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Murray,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            : No. 1485 C.D. 2021
                                        : Submitted: October 28, 2022
Pennsylvania Parole Board,              :
                                        :
                    Respondent :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: September 11, 2023


          Thomas Murray (Inmate) petitions for review from a decision of the
Pennsylvania Parole Board (Board) that denied his request for administrative review
challenging the Board's failure to properly calculate his maximum sentence date and
award credit for time served on the Board's detainer and time served in good
standing on parole. Also before us is an Application for Leave to Withdraw
Appearance (Application) filed by Inmate's court-appointed attorney, Tyler C.
Shultz, Esq. (Counsel), on the ground that Inmate's appeal is without merit. We
affirm the Board's decision and dismiss Counsel's Application as moot.

          Inmate was initially sentenced to an aggregate term of incarceration of
two years and three months to six years, with a minimum sentence date of February

27, 2017, and a maximum sentence date of November 27, 2020. Certified Record (CR) at 1-2. On October 24, 2016, the Board issued an order paroling Inmate, and he was released from prison on March 1, 2017. *Id.* at 4-16. On June 28, 2019, Inmate was arrested in Washington County and charged with Driving Under the Influence (DUI): Highest Rate of Alcohol-BAC .16+-3rd Offense. *Id.* at 21. The Board issued a warrant to commit and detain Inmate on March 8, 2021. *Id.* at 16-17. Inmate waived his right to a detention hearing the same day. *Id.* at 20. He pleaded guilty to the offense and was sentenced to three to six months' confinement. *Id.* at 43.

By decision mailed on April 23, 2021, the Board revoked Inmate's parole and recommitted him as a convicted parole violator to serve six months' backtime. CR at 61-62. The Board denied Inmate credit for the 1,367 days he spent at liberty on parole between his release date of March 1, 2017, and the date upon which his original maximum date expired, November 27, 2020. *Id.* at 59. By adding the 1,367 days (3 years, 8 months, and 26 days), the Board recalculated his new parole violation maximum date to be December 4, 2024. *Id.*

On September 14, 2021, Inmate submitted an Administrative Remedies Form to the Board outlining a number of errors with respect to the Board's calculation of his sentence and maximum date, and its imposition of backtime. *See* CR at 68-71. On October 13, 2021, the Board received another Administrative Remedies Form that Inmate submitted again assailing the Board's credit calculation and its imposition of backtime. *See id.* at 72-73.[1]

---

[1] The Board decision that Inmate appealed in the second Administrative Remedies Form that he filed was dated August 30, 2021, which was a Board decision denying him release on parole. *See* CR at 66. Nevertheless, as indicated, the substantive claims that he raised on that form relate solely and exclusively to the Board's credit calculation and its imposition of backtime in its prior revocation determination. *See id.* at 72-73.

On December 3, 2021, the Board mailed Inmate a decision in which it stated the following, in pertinent part:

> In your September correspondence, you raise credit concerns regarding your sentence calculations that are reflected in your Board Action dated April 23, 2021. Your correspondence is therefore treated as a petition for administrative review from the Board decision recorded April 23, 2021 (mailed April 30, 2021).
>
> The Board's regulation authorizing administrative relief states that petitions for administrative review must be received at the Board's central office within 30 days of the mailing date of the Board's decision. [Section 73.1 of the Board's regulations,] 37 Pa. Code §73.1.[2]   Your

---

[2] Section 73.1(a)(1) and (4), and (b)(1) and (3) states, in relevant part:

(a) *Appeals.*

(1) An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order . . . .

\* \* \*

(4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.

(b) *Petitions for administrative review.*

(1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. . . .

\* \* \*

**(Footnote continued on next page…)**

3

request for relief was not received by the Board, nor was it submitted to prison official for mailing within the established timeframe and must therefore be DISMISSED as untimely.

This portion of the letter is a response to your October 13, 2021 correspondence to your request [for] relief from the Board decision recorded August 30, 2021[,] which denied you parole.

The Board's regulation authorizing administrative relief does not apply to decision denying parole or to requests to be reviewed again. Instead the regulation applies to decisions revoking parole and recalculations based on those recommitments. [*See*] 37 Pa. Code §73.1. There is no constitutional right to parole under federal or Pennsylvania law. *Jago v. Van Curen*, 454 U.S. 14 (1981); *Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319 (Pa. 1999). Nor is there any right to review a parole denial because that decision falls within the Board's discretion. As such, the Board cannot accept your attempt to challenge the parole denial.

Accordingly, your request for relief is hereby DISMISSED as UNAUTHORIZED.

CR at 76-77.

On December 23, 2021, Inmate submitted the instant petition for review[3] in which he again assails the Board's April 23, 2021 decision revoking his

(3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code §73.1(a)(1) and (4), (b)(1) and (3).

[3] "This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Gilmore v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 478 C.D. 2022, filed March 21, 2023), slip op. at 5 n.7 (citations and internal quotations omitted); *see also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an **(Footnote continued on next page…)**

parole, imposing backtime, and recalculating his maximum date. Specifically, in the petition for review, Inmate claims that the Board erred when it "[c]alculated [a] new max[imum] date untimely because [of] COVID[-19] restrictions"; "recalculated [a] max[imum] date after [the] original max[imum] date expired"; "failed to give credit for time as a [technical parole violator], [h]ouse arrest, and good time" for his completion of a recommended program in the Recidivism Risk Reduction Incentive program; and for "[g]oing beyond [the] presumptive range for [his] parole 'Hit.'" Petition for Review ¶6.

Thus, in this appeal, Inmate does not contest the bases upon which the Board dismissed his Administrative Remedies Forms. Rather, he again asserts the same allegations that he raised in these forms contesting the Board's calculation of his sentence and maximum date, and its imposition of backtime. Because it is undisputed that the Board properly dismissed Inmate's September 14, 2021 and October 13, 2021 Administrative Remedies Forms as unauthorized, the Board's December 3, 2021 decision will be affirmed. *Gilmore*, slip op. at 7; *Melendez v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 929 C.D. 2021, filed March 9, 2023), slip op. at 8.[4]

---

unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. . . . Non-precedential decisions . . . may be cited for their persuasive value.").

[4] As this Court has recently explained:

> [Section 73.1 of the Board's regulations] is based on the fact that "the timeliness of an appeal is jurisdictional, [and] the Board [i]s without authority to consider" late-filed appeals. *Ayers v. P[ennsylvania Board] of Prob[ation and] Parole*, 565 A.2d 1257, 1258 (Pa. Cmwlth. 1989); *see also Pometti v. P[ennsylvania Board] of Prob[ation and] Parole*, 705 A.2d 953, 955 (Pa. Cmwlth. 1998)

**(Footnote continued on next page…)**

5

Accordingly, the Board decision is affirmed, and Counsel's Application is dismissed as moot.

_____
MICHAEL H. WOJCIK, Judge

---

("[T]he Board does not have the jurisdiction to hear an untimely filed appeal.").

*Gilmore*, slip op. at 6. In addition, we have observed "that there is no right to appellate review from a Parole Board decision denying parole under either the Administrative Agency Law[, 2 Pa. C.S. §§501-508, 701-704,] or the Federal Constitution, since the decision does not constitute an adjudication. *See Rogers*[, 724 A.2d at 322-23]." *Melendez*, slip op. at 7-8.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas Murray,                 :
                                          :
               Petitioner   :
                                            :
          v.                 : No. 1485 C.D. 2021
                                            :
Pennsylvania Parole Board,    :
                                          :
             Respondent :

**O R D E R**

AND NOW, this 11th day of September, 2023, the Pennsylvania Parole Board's decision mailed December 3, 2021, is AFFIRMED. The Application for Leave to Withdraw Appearance filed by Tyler C. Shultz, Esq. is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge