IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victor Figueroa,                               :
                                               :
                              Petitioner       :
                                               :
              v.                               :   No. 1057 C.D. 2023
                                               :   Submitted:  October 8, 2024
Pennsylvania Parole Board,                     :
                                               :
                              Respondent       :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  December 24, 2024


          Victor Figueroa (Parolee) petitions for review of the decision of the
Pennsylvania Parole Board (Board) to recommit him for 18 months as a convicted
parole violator (CPV).  Also before the Court is the Application for Leave to
Withdraw Appearance (Application) of Dana E. Greenspan, Esq. (Counsel) and the
Board's Application for Summary and Special Relief (ASR).[1]  Upon review, we

---

[1] Pa.R.A.P. 1532 states, in relevant part:

> **(a) Special Relief.**  At any time after the filing of a petition for
> review, the court may, on application, . . . issue a preliminary or
> special injunction, . . . or grant other interim or special relief

**(Footnote continued on next page…)**

grant the ASR in part; affirm the Board's decision; and dismiss any outstanding petitions and/or applications as moot.

On September 7, 2023, Parolee filed a Petition for Review (PFR)[2] alleging the following:

> 2.     On April 19, 2023, the Board entered it[s] decision to recommit [Parolee] back to a State Facility for the following 18 months, as a [CPV] resulting [from Parolee's] conviction for Possession of a Firearm, by a prohibited person.
>
> 3.     [The Board] mailed it[s] decision on April 27, 2023.
>
> 4.     Additionally, within it[s] determination the Board also determined not to award [Parolee] credit for "time spent at liberty." And thereby revoking [the] 697 days [that Parolee] was in good standing.
>
> 5.     On July 18, 2023, [Parolee] filed an Application for Parole.
>
> 6.     The Board, however[,] immediately returned the application [and] then instructed [Parolee] to submit, instead, it[s] *supplied* Administrative [R]emedies [F]orm.

---

required in the interest of justice and consistent with the usages and principles of law.

 **(b)  Summary Relief.**  At any time after the filing of a petition for review in an appellate . . . matter, the court may upon application enter judgment if the right to relief is clear.

[2] "This Court's review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred, or whether constitutional rights were violated." *Gilmore v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 478 C.D. 2022, filed March 21, 2023), slip op. at 5 n.7 (citations and internal quotations omitted); *see also* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. . . . Non-precedential decisions . . . may be cited for their persuasive value.").

7. In complying with same, [Parolee] followed the instructions, and attempted to explain the reason for the request was *factually* based: [Parolee] was arrested "only" for the [f]irearm and there was no [other ]new crime committed, with the exception of *such* possession. And under Pennsylvania legislation[,] the possession of the firearm constituted a misdemeanor offense.

8. On August 7, 2023, the Board declined to address [Parolee's] filed . . . application[,] . . . finding [that Parolee] failed to seek an administrative appeal within 30 days after the Board's April 27, 2023[] mailed decision[, and dismissed [Parolee's] filing as untimely.

PFR ¶¶2-8 (citations omitted and emphasis in original).

Specifically, in its August 7, 2023 decision, the Board stated:

This is a response to the [A]dministrative [R]emedies [F]orm and attached pages received from you on August 3, 2023 (postmarked 7/31/2023)[,] wherein you seek relief from the Board decision recorded on April 19, 2023 (mailed 4/27/2023).

The record reveals that you failed to file your petition for administrative review/administrative appeal within the established 30-day [timeframe] set forth in the Board's regulation authorizing administrative relief. [Section 73.1 of the Board's regulations,] 37 Pa. Code §73.1.[3] Your challenge received [on] August 3, 2023[,]

---

[3] Section 73.1(a)(1) and (4), and (b)(1) and (3) states, in relevant part:

(a) *Appeals.*

(1) An interested party, by counsel unless unrepresented, may appeal a revocation decision. Appeals shall be received at the Board's Central Office within 30 days of the mailing date of the Board's order . . . .

* * *

**(Footnote continued on next page…)**

> is therefore not properly before the Board and is hereby DISMISSED as untimely.

Certified Record (CR) at 90.

Assuming that the allegations in the PFR are true, it is clear that the Board is entitled to summary relief in this matter.[4] In his appeal, Parolee does not contest the basis upon which the Board dismissed his Administrative Remedies Form. Rather, he again asserts the same allegations that he raised in these forms contesting the Board's failure to grant credit for the time that he spent at liberty on parole. Because it is undisputed that the Board properly dismissed Parolee's Administrative Remedies Form as unauthorized, the Board's August 7, 2023

---

> (4) Second or subsequent appeals and appeals which are out of time under these rules will not be received.
>
> (b) *Petitions for administrative review.*
>
> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. . . .
>
> \* \* \*
>
> (3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code §73.1(a)(1) and (4), (b)(1) and (3).

[4] An ASR may be granted if a party's right to judgment is clear, and no material issues of fact are in dispute. Pa.R.A.P. 1532(b); *Jubelirer v. Rendell*, 953 A.2d 514, 521 (Pa. 2008). When ruling on an application for summary relief, "we must view the evidence of record in the light most favorable to the non-moving party and enter judgment only if there is no genuine issue as to any material facts and the right to judgment is clear as a matter of law." *Gregory v. Pennsylvania State Police*, 185 A.3d 1202, 1205 (Pa. Cmwlth. 2018) (citation omitted).

4

decision will be affirmed. *Gilmore*, slip op. at 7; *Melendez v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 929 C.D. 2021, filed March 9, 2023), slip op. at 8.[5]

Accordingly, the Board's ASR is granted in part; the Board's decision is affirmed; and all outstanding petitions and/or applications are dismissed as moot.

_____

MICHAEL H. WOJCIK, Judge

---

[5] As this Court has recently explained:

> [Section 73.1 of the Board's regulations] is based on the fact that "the timeliness of an appeal is jurisdictional, [and] the Board [i]s without authority to consider" late-filed appeals. *Ayers v. P[ennsylvania Board] of Prob[ation and] Parole*, 565 A.2d 1257, 1258 (Pa. Cmwlth. 1989); *see also Pometti v. P[ennsylvania Board] of Prob[ation and] Parole*, 705 A.2d 953, 955 (Pa. Cmwlth. 1998) ("[T]he Board does not have the jurisdiction to hear an untimely filed appeal.").

*Gilmore*, slip op. at 6. In addition, we have observed "that there is no right to appellate review from a [] Board decision denying parole under either the Administrative Agency Law[, 2 Pa. C.S. §§501-508, 701-704,] or the Federal Constitution, since the decision does not constitute an adjudication. *See Rogers v. Pennsylvania Board of Probation and Parole*, 724 A.2d 319, 322-23 (Pa. 1999)." *Melendez*, slip op. at 7-8.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Victor Figueroa,         :
                          :
             Petitioner   :
                          :
        v.              :  No. 1057 C.D. 2023
                          :
Pennsylvania Parole Board,  :
                          :
            Respondent :

## **O R D E R**

AND NOW, this 24th day of December, 2024, the Application for Summary and Special Relief of the Pennsylvania Parole Board (Board) is GRANTED in part; the Board's decision is AFFIRMED; and all outstanding petitions and/or applications in the above-captioned matter are DISMISSED as moot.

                                                 _____

                                                 MICHAEL H. WOJCIK, Judge